## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **ALAN BERNARDEZ** and **TAWANNA PITTMAN**, *Individually and On Behalf of All Others Similarly Situated*, | |
| Plaintiffs, | Civil Case No.: 3:17-CV-613-DJH |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| **FIRSTSOURCE SOLUTIONS USA, LLC** d/b/a **MEDASSIST**, | **JURY DEMAND** |
| Defendant. | |

Plaintiffs **Alan Bernardez** and **Tawanna Pittman**, individually and on behalf of all others similarly situated, by and through their attorneys BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP and JTB LAW GROUP, LLC, allege upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiffs bring this action, individually and as a Collective Action on behalf of all others similarly situated, against Defendant **Firstsource Solutions USA, LLC** d/b/a **MedAssist** to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.    Specifically, Defendant has violated its statutory obligations to compensate non-exempt hourly employees including Patient Service Representatives, Floaters/Trainers and Team Leads for off-the-clock work performed pre-shift, post-shift and during lunch breaks.

3.    Defendant has regularly required its Patient Service Representatives, Floaters/Trainers and Team Leads to perform a volume of work assignments that cannot be completed within a 40-

hour work schedule per week, yet Defendant, through its management group, has prohibited these hourly employees from reporting or clocking in more than 40 hours of work per week.

4.      The hourly employees have been subject to a *de facto* policy to work uncompensated hours off-the-clock.

5.      As a result of such illegal pay policy and practice, Defendant has deprived its Patient Service Representatives, Floaters/Trainers and Team Leads, of entitled overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay, for work performed over forty (40) hours per week.

6.      Plaintiffs assert the FLSA claims not only individually, but also on behalf of a putative "FLSA Collective" defined as:

> *All Patient Service Representatives, Floaters/Trainers, and/or Team Leads employed by Defendant at any time within the period of 3 years prior to the filing of this Complaint through the date of judgment.*

7.      Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all Patient Service Representatives, Floaters/Trainers, and Team Leads of Defendant permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

8.      For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains its principal place of business in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

### *Defendant*

11.     Defendant **Firstsource Solutions USA, LLC** d/b/a **MedAssist** ("**Firstsource Solutions USA**"), is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

12.     **Firstsource Solutions USA** is a subsidiary of Firstsource Solutions Limited, a company based in India and owned by the RP-Sanjiv Goenka Group.[1]

13.     **Firstsource Solutions USA** was founded in 2010 and maintains a principal office at 1661 Lyndon Farm Court, Louisville, KY 40223-4029.[2]

14.     According to its website, **Firstsource Solutions USA**'s "Healthcare Provider division, MedAssist, provides eligibility, enrollment and other recovery services that help hospitals and health systems maximize reimbursement and increase cash flow" and "MedAssist serves more than 900 healthcare providers worldwide."[3]

15.     According to its website[4], **Firstsource Solutions USA** has job listings for Patient Service Representative, Floater/Trainer, or Team Lead in at a minimum the following states: Alabama, Florida, Indiana, Maine, North Carolina, Virginia, Georgia, Michigan, Tennessee, Kentucky,

---

[1] *See* Bloomberg website: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapid=39801970 and https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=3198922 (last accessed September 22, 2017).

[2] *See* Kentucky Secretary of State website:
https://app.sos.ky.gov/ftshow/(S(orepgsraxavrwsb0tbwiympv))/default.aspx?path=ftsearch&id=0760169&ct=06&cs=99999 (last accessed September 22, 2017).

[3] http://firstsourcecareers.com/provider/; see also https://gomedassist.com/ (last accessed September 22, 2017).

[4] https://www.hrapply.com/firstsource/setup.app (last accessed September 22, 2017).

Mississippi and Ohio.  *See* **Exhibit A**, screenshots of the job listing web pages taken on September 22, 2017.

*Plaintiffs*

16.     Plaintiff **Alan Bernardez** ("**Bernardez**") is an adult resident of the State of Virginia.

17.     Defendant employed **Bernardez** as a non-exempt hourly employee from approximately April 2006 through November 2016.

18.     **Bernardez** started his employment for Defendant as a Patient Service Representative and then became a Team Lead in approximately 2014, at which point he started performing Floater/Trainer and Team Lead duties on top of his Patient Service Representative duties.

19.     The position of Patient Service Representative has been classified at all times material to this Complaint as non-exempt.

20.     The position of Team Lead has been classified at all times material to this Complaint as non-exempt.

21.     The position of Floater/Trainer has been classified at all times material to this Complaint as non-exempt.

22.     **Bernardez**'s hourly rate was $17.66 in 2016.

23.     Defendant employed **Bernardez** to work at Danville Regional Medical Center, 142 South Main Street Danville, VA 24541.

24.     As part of his Floater/Trainer and Team Lead duties, **Bernardez** sometimes travelled to different facilities to train Patient Service Representatives and/or cover their duties.

25.     **Bernardez**'s written consent to become an FLSA party plaintiff is attached hereto as **Exhibit B**.

26.     Plaintiff **Tawanna Pittman** ("**Pittman**") is an adult resident of the State of Virginia.

27.     Defendant employed **Pittman** as a non-exempt hourly employee from approximately October 2010 through May 2017.

28.     Throughout Pittman's employment, Defendant employed **Pittman** as a Patient Service Representative.

29.     **Pittman**'s hourly rates were $15.88 and $16.04 during the last several months of her employment with Defendant.

30.     Defendant employed **Pittman** to work at Martinsville Memorial Hospital, 320 Hospital Drive, Martinsville, VA 24115.

31.     **Pittman**'s written consent to become an FLSA party plaintiff is attached hereto as **Exhibit C**.

<u>**FACTUAL ALLEGATIONS**</u>

32.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

33.     At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

34.     At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

35.     At all relevant times alleged herein, Defendant has been the "employer" of Plaintiffs and/or the putative Collective members within the meaning of 29 U.S.C §203(d).

36.     At all relevant times alleged herein, Defendant has, directly or indirectly, hired Plaintiffs and the putative Collective members; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

37.   At all relevant times alleged herein, as non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers and/or Team Leads, Plaintiffs and the putative Collective members have performed job duties that do not fall within any exemptions from overtime under the FLSA.

38.   At all relevant times alleged herein, Defendant has required its Patient Service Representatives, Floaters/Trainers and/or Team Leads to perform a volume of work assignments that could not be completed within the 8-hour daily work schedule, or 40-hour weekly work schedule.

39.   Further, Plaintiffs and the putative Collective members have been pressured and/or reprimanded by the management group for not completing their weekly and daily volume of work assignments.

40.   However, Defendant, through its management group, has prohibited Plaintiffs and the putative Collective members from reporting or clocking in more than 40 hours of work per week.

41.   Defendant has imposed discipline on Plaintiffs and the putative Collective members for reporting or clocking in more than 40 hours of work per week.

42.   If Plaintiffs and the putative Collective members clocked in or out at a time outside of their 8-hour daily work schedule, the time-recording system KRONOS® would show the entry in red and would not accept it until after the management group adjusted the time to be within the employee's scheduled work time for submission to the payroll.

43.   As a result of the *de facto* policy of Defendant, Plaintiffs and the putative Collective members have been required to work off-the-clock prior to the beginning of their shift, during their unpaid lunch breaks and subsequent to clocking out at the end of their daily schedule.

44.     At all relevant times alleged herein, Plaintiffs and the putative Collective members have been required by Defendant to perform off-the-clock work for which they were not compensated.

45.     At all relevant times alleged herein, Defendant has failed to pay Plaintiffs and the putative Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207.

46.     During all times material to this Complaint, **Bernardez**'s schedule was Monday to Friday, 5 days a week.

47.     During all times material to this Complaint, **Bernardez** had an 8-hour daily work schedule from 8:30 am to 5:00 pm including an unpaid 30-minute lunch break.

48.     **Bernardez** communicated to management that the excessive workload could not be completed within the 40-hour weekly work schedule, yet Defendant still did not allow **Bernardez** to report or clock in more than 40 hours of work per week.

49.     Defendant did not allow **Bernardez** to clock in before his shifts began, including instances in which he performed work before the start of his scheduled shift.

50.     Defendant compelled **Bernardez** to clock out for 30-minute lunch break, including shifts in which he did not receive a *bona fide*, uninterrupted 30-minute break.

51.     Defendant obligated **Bernardez** to clock out at the end of his 8-hour daily work schedule, including instances in which he worked after the time at which his shift was scheduled to end.

52.     As a result of the *de facto* policy of Defendant, **Bernardez** performed off-the-clock work pre-shift, post-shift and during lunch break in excess of forty (40) hours in a workweek, for which he was not compensated.

53.     During all times material to this Complaint, **Pittman**'s schedule was Monday to Friday, 5 days a week.

54.     During all times material to this Complaint, **Pittman** had an 8-hour daily work schedule from 8:30 am to 5:00 pm including an unpaid 30-minute lunch break.

55.     **Pittman** communicated to management that the excessive workload could not be completed within the 40-hour weekly work schedule, yet Defendant did not allow **Pittman** to report or clock in more than 40 hours of work per week.

56.     Defendant did not allow **Pittman** to clock in before her shifts began, including instances in which she performed work before the start of her scheduled shift.

57.     Defendant compelled **Pittman** to clock out for 30-minute lunch break, including shifts in which she did not receive a *bona fide*, uninterrupted 30-minute break.

58.     Defendant obligated **Pittman** to clock out at the end of her 8-hour daily work schedule, including instances in which she worked after the time at which her shift was scheduled to end.

59.     As a result of the *de facto* policy of Defendant, **Pittman** performed off-the-clock work pre-shift, post-shift and during lunch break in excess of forty (40) hours in a workweek, for which she was not compensated.

60.     Plaintiffs and the Collective members have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA.

61.     At all relevant times alleged herein, Defendant have maintained control, oversight, and direction over Plaintiffs and the putative Collective members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

62.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative

regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

63.     Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

65.     Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of themselves and of all other similarly situated non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers and Team Leads who have been affected by Defendant's common policy and practice of failing to properly pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

66.     The proposed "FLSA Collective," is defined as:

> *All Patient Service Representatives, Floaters/Trainers, and/or Team Leads employed by Defendant at any time within the period of 3 years prior to the filing of this Complaint through the date of judgment.*

67.     Plaintiffs bring this Collective Action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

68.     The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

69.     Plaintiffs seek to send Notice to all similarly situated non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers, and Team Leads as provided by 29 U.S.C. § 216(b) and supporting case law.

70.     This litigation is properly brought as a Collective Action because the key issues are the same for every Collective member, including:

1) Whether Defendant is liable to Plaintiffs and the putative Collective members for violations of the FLSA;

2) Whether Plaintiffs and the putative Collective members were required and did perform off-the-clock work for which they were not compensated;

3) Whether Plaintiffs and the putative Collective members worked more than forty (40) hours in any workweek; and

4) Whether Defendant failed to pay Plaintiffs and the putative Collective members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

71.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

72.     Plaintiffs and the putative Collective members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
*(Individual Claim for Unpaid Overtime under the FLSA)*

73.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

74.     Defendant has employed Plaintiffs as non-exempt hourly employees.

10

75.   Defendant employed **Pittman** to perform duties of a Patient Service Representative.

76.   Defendant employed **Bernardez** to perform duties of a Patient Service Representative, Floater/Trainer and Team Lead.

77.   Defendant has required Plaintiffs to perform off-the-clock work for which they were not compensated.

78.   Defendant has required Plaintiffs to work more than forty (40) hours in a workweek.

79.   Defendant has failed to pay Plaintiffs overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

80.   Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

81.   Because Defendant has willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

82.   As a result of Defendant's uniform policies and practices described above, Plaintiffs have been illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
(*Collective Action Claim for Unpaid Overtime under the FLSA*)

83.   Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

84.   Defendant has employed Plaintiffs and the putative Collective members as non-exempt hourly-paid Patient Service Representative, Floater/Trainer or Team Lead.

85.     Defendant has required Plaintiffs and the putative Collective members to perform off-the-clock work for which they were not compensated.

86.     Defendant has required Plaintiffs and the putative Collective members to work more than forty (40) hours in a workweek.

87.     Defendant failed to pay Plaintiffs and the putative Collective members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

88.     Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

89.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

90.     As a result of Defendant's uniform policies and practices described above, Plaintiffs and the putative Collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C)     An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiffs as Collective representatives and the undersigned counsel as Collective Counsel;

(D)     An Order requiring Defendant to produce a list of names, addresses, job descriptions, and dates of employment of all members of the putative FLSA Collective;

(E)     An Order authorizing Plaintiffs' counsel to notify members of the putative FLSA collective that they are authorized to join this action by filing written consents pursuant to 29 U.S.C. § 216(b);

(F)     Judgment for damages for all unpaid overtime compensation to which Plaintiffs and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(G)     Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Collective during the applicable statutory period;

(H)     Incentive Awards for the lead Plaintiffs;

(I)     An Order directing Defendant to pay Plaintiffs and members of the Collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*;

(J)     Judgment for any and all civil penalties to which Plaintiffs and members of the Collective may be entitled; and

(K)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the Complaint.


Dated: October 4, 2017                              Respectfully submitted,


                                   By:    /s/ *Trent Taylor*
                                          Trent Taylor
                                          Robi J. Baishnab (*pro hac vice* pending)
                                          **BARKAN MEIZLISH HANDELMAN**
                                          **GOODIN DEROSE WENTZ, LLP**
                                          250 E. Broad Street, 10th Floor
                                          Columbus, OH 43215
                                          T: (800) 274-5297
                                          F: (614) 744-2300
                                          ttaylor@barkanmeizlish.com
                                          rbaishnab@barkanmeizlish.com

                                          *Local Counsel for Plaintiffs*

                                          Jason T. Brown (*pro hac vice* pending)
                                          Nicholas R. Conlon (*pro hac vice* pending)
                                          **JTB LAW GROUP, LLC**
                                          155 2nd Street, Suite 4
                                          Jersey City, NJ 07302
                                          T: (201) 630-0000
                                          F: (855) 582-5297
                                          jtb@jtblawgroup.com
                                          nicholasconlon@jtblawgroup.com

                                          *Lead Counsel for Plaintiffs*